IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY C. THOMAS,

    Petitioner,                    No. CIV S-11-0180 KJM CKD P

    vs.

GARY SWARTHOUT,

    Respondent.                 ORDER

_____/

        On March 31, 2012, this court adopted the magistrate judge's recommendation that respondent's motions to dismiss be granted as to the claims that petitioner's trial counsel was ineffective, that the trial court erred in permitting petitioner to be impeached with a prior conviction and in denying a motion to suppress evidence, and that petitioner is actually innocent of the offenses for which he was convicted.

        On April 23, 2012, petitioner filed a motion for the issuance of a certificate of appealability and on April 26, 2012, he filed a notice of an interlocutory appeal, seeking to challenge that portion of the order dismissing petitioner's claims of ineffective assistance of counsel and actual innocence. ECF Nos. 43, 44. The court construes these documents as a request to permit petitioner to pursue an interlocutory appeal of this order, which is not otherwise appealable.

The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment. *Coopers & Lyband v. Livesay*, 437 U.S. 463, 474 (1978); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983); *see* 28 U.S.C. § 1291.[1]  There is, however, an exception to this general rule:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal for the order may materially advance the ultimate termination of the litigation, [she] shall so state in writing in such order.  The Court of Appeals . . . may thereupon . . . permit an appeal . . . if application is made to it within ten days . . . .

28 U.S.C. § 1292(b).  The party seeking certification of an interlocutory appeal has the burden to show the presence of the exceptional circumstances required to prevail.  *Coopers & Lybrand*, 437 U.S. at 474-75.

Section 1292 identifies three factors that must be present in order for the court to certify an appeal.  First, the issue to be certified must involve a controlling issue of law.  28 U.S.C. § 1291.  An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).  Second, there must be substantial ground for difference of opinion on that issue.  A party's strong disagreement with the court's ruling is not sufficient for there to be a "substantial ground for difference"; the proponent of an appeal must make some greater showing. *Kern-Tulare Water Dist. v. Bakersfield*, 634 F. Supp. 656, 667 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other*

---

[1] Petitioner does not lose the right to appeal an interlocutory order disposing of some of the claims by waiting for the final judgment; the order dismissing some of the claims merges in the final judgment and may be challenged in the appeal from that judgment. *City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 889 n.1 (9th Cir. 2001) (citing *Hook v. Arizona Dep't. of Corrections*, 107 F.3d 1397, 1401 (9th Cir. 1997)).

*grounds*, 828 F.2d 514 (9th Cir. 1987).  Third, an interlocutory appeal must be likely to materially speed the termination of the litigation.  This factor is linked to whether an issue of law is "controlling," in that the court should consider the effect of a reversal by the court of appeals on the management of the case.  *See In re Cement Antitrust Litig.*, 673 F.2d at 1026.

In this case, the court granted the motion to dismiss the claim of actual innocence because petitioner had not met the high threshold showing necessary for a cognizable claim of actual innocence.  ECF Nos. 30, 39.  In his request for a certificate of appealability, petitioner argues only that the resolution of this issue was wrong: this disagreement with the court's conclusion does not satisfy the second prong of the showing petitioner must make.  The court denies petitioner's request that the court certify an interlocutory appeal on this issue.

The court also granted respondent's motion to dismiss petitioner's claim of ineffective assistance of counsel because it found the claim was not exhausted.  In reviewing the records again in connection with this motion, the court notes that as part of his third set of "objections" to the motion to dismiss, petitioner presented a copy of an amended petition for a writ of habeas corpus, filed in California Supreme Court Case No. S177468, which includes the claim that trial counsel was ineffective because of his failure to challenge the suppression of the alleged victim's testimony.  *See* ECF No. 24 (unnumbered attachment).[2]  In light of this document, the court vacates that portion of its order of March 31, 2012, granting respondent's motion to dismiss this ineffective assistance of counsel claim, and declines to adopt that portion of the magistrate judge's recommendations.  The magistrate judge is requested to consider

/////

---

[2] The court shares the magistrate judge's dismay at petitioner's submitting numerous objections and responses to many filings.  At the same time, in the face of the pending motion, the court notes that under *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004), it may be an abuse of discretion to refuse to consider new material submitted by a pro se litigant with respect to a pending decision when that material might prevent the entry of an order dismissing a claim.  The court's decision in this order does not disturb in any respect the magistrate judge's order restricting petitioner's filings following the date of that order.  *See* ECF No. 40.

3

the significance of this document, though this court expresses no view on its relationship to petitioner's earlier argument that his failure to exhaust his claim was excused because of his actual innocence. *See* ECF No. 20 at 2.

IT IS THEREFORE ORDERED that:

1. Petitioner's motion for a certificate of appealability, deemed a motion for a certification of an interlocutory appeal (ECF No. 43), is denied;

2. That portion of the order filed March 31, 2012, which granted respondent's motion to dismiss is vacated and the court declines to adopt the recommendation that the motion to dismiss the ineffective assistance of counsel claim with respect to the alleged victim's testimony be granted, for the reasons stated above; and

3. This claim is referred back to the magistrate judge for further proceedings.

DATED: May 16, 2012.

_____
UNITED STATES DISTRICT JUDGE