IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY C. THOMAS,

    Petitioner,                    No. CIV S-11-0180 KJM CKD P

    vs.

GARY SWARTHOUT,

    Respondent.                  ORDER AND

                                     FINDINGS & RECOMMENDATIONS

_____/

        On May 17, 2012, the district court partially vacated its March 31, 2012 order adopting the findings and recommendations issued by this court on December 5, 2011. (Dkt. No. 48.) The district court advised this court to reconsider its recommendation that petitioner's claim of ineffective assistance of attorney Ronald Moe be dismissed for failure to exhaust state remedies. (Id.; see Dkt. No. 30 at 7.)

        In its review of the docket, the district court observed that plaintiff's third set of "objections" to respondent's motion to dismiss, filed on July 29, 2011, included a First Amended Petition to the California Supreme Court in Case No. S177468. (Dkt. No. 24, Ex. A.) In fact, the attached docket of Case No. S177468 indicates that petitioner filed three habeas petitions in that action: the original petition (filed October 26, 2009), a First Amended Petition

1  (filed November 16, 2009), and a Second Amended Petition (filed March 2, 2010).  (Dkt. No. 24
2  at 106-107.)   In his First Amended Petition, plaintiff raised an ineffective assistance claim
3  concerning attorney Moe, his counsel at his second trial.  (Dkt. No. 24 at 16-17.)   Specifically,
4  petitioner argued that Moe rendered ineffective assistance because he failed to challenge the
5  suppression of the alleged victim's testimony and failed to object to the prosecutor's use of "false
6  and perjured testimony."  (Id.)  These are the same claims petitioner makes with respect to Moe
7  in the instant action.  (See Dkt. No. 11 at 10-11.)

8  The docket for Case No. S177468 reflects that respondent filed an informal
9  response on July 22, 2010, and on February 16, 2011, the California Supreme Court summarily
10 denied the petition(s).  (Id.; Dkt. No. 15 at 46-47 (same).)

11 Petitioner commenced this federal action on January 20, 2011, before the
12 California Supreme Court ruled on the petition(s).  (Dkt. No. 1.)  He initially sought a stay
13 pending state court exhaustion (Dkt. No. 3), then withdrew the motion to stay (Dkt. No. 6) and
14 on April 28, 2011 filed an amended petition, on which this case now proceeds.  (Dkt. No. 11.)

15 The undersigned concludes that petitioner exhausted his ineffective assistance
16 claim concerning attorney Moe prior to the filing of the amended petition in this action[1], and thus
17 respondent's motion to dismiss this claim should be denied.[2]

18 Currently, respondent is due to file an answer to the remaining claims in the
19 amended petition on June 10, 2012.  (Dkt. Nos. 42, 47.)  The court will vacate this deadline
20 pending the district court's ruling on whether to adopt the instant findings, and reset it at a later
21 time.

---

[1] If respondent wishes to argue that petitioner cannot be said to have exhausted his claim as to attorney Moe in his First Amended Petition to the California Supreme Court, he may do so in objections to these findings.

[2] Respondent's motion to dismiss argued that, in addition to the ineffective assistance claim concerning Moe, two other claims should be dismissed for failure to exhaust state remedies.  As petitioner conceded that he failed to exhaust these two claims, there is no need to re-analyze whether they were in fact exhausted in light of petitioner's amended petition(s) to the California Supreme Court.  (See Dkt. No. 30 at 5.)

Accordingly, IT IS HEREBY ORDERED THAT the deadline for respondent to file an answer to the amended petition (Dkt. No. 47) is vacated until further notice.

IT IS HEREBY RECOMMENDED THAT respondent's June 28, 2011 motion to dismiss (Dkt. No. 15) be denied as to petitioner's claim of ineffective assistance of trial counsel Moe.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 23, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
thom0180.ord