IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY C. THOMAS,

    Petitioner,                        No. 2:11-cv-0180 KJM CKD P

    vs.

GARY SWARTHOUT,

    Respondent.                     <u>ORDER</u> AND <u>AMENDED</u>

                                         <u>FINDINGS & RECOMMENDATIONS</u>

_____/

          Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 23, 2012, the undersigned filed findings and a recommendation that respondent's June 28, 2011 motion to dismiss be denied as to petitioner's claim of ineffective assistance of trial counsel Moe. (Dkt. No. 49.)

          Respondent filed objections to the findings and recommendations. (Dkt. No. 50.) Petitioner filed a reply to the objections, and later a "supplemental reply" to the objections. (Dkt. Nos. 51, 54.) Respondent filed a reply to the supplemental reply. (Dkt. No. 55.) In light of new facts in the record, the court will vacate its May 23, 2012 findings and recommendations and issue the instant amended findings and recommendations.

\\\\

1

I. Background

At issue is one claim (ineffective assistance of counsel) challenged in respondent's June 28, 2011 motion to dismiss. (Dkt. No. 15.) On December 5, 2011, the undersigned issued findings and a recommendation that respondent's motion be granted in part, such that the following claims were dismissed: ineffective assistance of trial counsel Ronald Moe and actual innocence. (Dkt. No. 30.) On March 31, 2012, the district court adopted the findings and recommendations in full. (Dkt. No. 39.)

On May 17, 2012, the district court partially vacated its March 31, 2012 order adopting the findings and recommendations, advising the undersigned to reconsider its recommendation that petitioner's claim of ineffective assistance of attorney Moe be dismissed for failure to exhaust state remedies. (Dkt. No. 48.) The district court stated that the ineffective assistance claim appeared to be exhausted because petitioner had raised the claim in an *amended* petition before the California Supreme Court. (Id. at 3-4.) The undersigned reconsidered this issue and found that petitioner's ineffective assistance claim as to Moe appeared to be exhausted for the reasons noted by the district court. On May 23, 2012, the undersigned issued new findings and a recommendation that respondent's June 28, 2011 motion to dismiss be denied as to this claim. The undersigned noted that if respondent wished to argue for non-exhaustion of this claim, he could do so in objections to the findings. (Dkt. No. 49.)

II. Exhaustion of Ineffectiveness Claim

On June 1, 2012, respondent filed objections to the May 23, 2012 findings, arguing that petitioner did not exhaust his claim as to attorney Moe in his amended petition to the California Supreme Court. (Dkt. No. 50.) Respondent asserts that, unlike the original petition, neither of petitioner's two amended petitions were "*filed* by the California Supreme Court; they were simply deemed 'received.'" (Id. at 2; see Dkt. 15-1 at 46 (docket sheet).) The state's highest court "did not file the amended petitions presumably because petitioner lacked leave or

\\\\\

permission to file them."[1] (Id., fn. 2.) Respondent points out that the amended petitions "also apparently were not served on respondent."[2] (Id.) Respondent adds that, despite the fact that his response in the state supreme court "address[ed] only the initial, filed petition, which did not include the ineffectiveness claim concerning attorney Moe," the California Supreme Court "did not seek further response from respondent, despite the fact that respondent had not addressed petitioner's amended petitions." (Id. at 3.) Under the circumstances, respondent concludes, "it is plain that the California Supreme Court did not address petitioner's amended petitions, including his claim of ineffective assistance of counsel Moe. That claim accordingly is not exhausted." (Id.)

Petitioner filed a reply to respondent's objections, arguing that he "fairly presented" his ineffectiveness claim concerning Moe to the state supreme court "by virtue of his claims . . . [in] the first of two amended petitions that he submitted to that court for adjudication." (Dkt. No. 51 at 1-2.)

Petitioner next filed a "supplemental reply" to respondent's objections, stating that he had recently filed another state petition for writ of habeas corpus raising the ineffective assistance claim, which was denied by the California Supreme Court on July 11, 2012. (Dkt. No. 54; see Dkt. Nos. 55-1, 55-2.) Respondent filed a response to these "new procedural facts," arguing that, while the ineffective assistance claim as to Moe had now been exhausted, it was procedurally barred from federal habeas review. (Dkt. No. 55, citing Walker v. Martin, __ U.S. __, 131 S.Ct. 1120, 1124-26, 1129 (2011).)[3]

---

[1] See California Code of Civil Procedure section 473(a), providing that a "court may . . . , in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding[.]"

[2] See California Rule of Court 8.486(e)(2), providing that a petition and one set of exhibits must be served on the real party in interest.

[3] In the California Supreme Court's summary denial dated July 11, 2012, the court cites In re Robbins, 18 Cal. 4th 770, 780 (1998) and In re Clark, 5 Cal. 4th 750, 767-769 (1993). (Dkt. No. 55-2.) A California Supreme Court summary habeas denial citing Robbins and Clark

1    Thus, the parties having agreed that the claim as to Moe is exhausted, the
2 undersigned is invited to resolve whether this claim is procedurally barred.  At this late date in
3 the proceedings concerning respondent's June 28, 2011 motion to dismiss (Dkt. No. 15), the
4 court is reluctant to dismiss petitioner's ineffective assistance claim on an entirely new ground
5 only recently raised in a reply to a supplemental reply to a set of objections.  Petitioner has not
6 had the opportunity to argue against procedural bar, and the court will not seek additional
7 briefing on this issue.  Rather, as respondent concedes that petitioner's ineffective assistance
8 claim as to attorney Moe has been exhausted, the court will recommend that this claim go
9 forward on the merits.  See Kuhali v. Reno, 266 F.3d 93, 101 (2d. Cir. 2001) ("It is well settled
10 that the doctrine of procedural default is prudential rather than jurisdictional in nature. E.g.
11 Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 170 (2nd. Cir. 2000)
12 ('The doctrine of procedural default is based on considerations of comity and finality, and not on
13 a jurisdictional limitation of the power of a federal court . . . to look beyond a state procedural
14 default and consider the merits of a defaulted claim . . .'")).

15    In light of new procedural facts on the record, the undersigned will recommend
16 that respondent's motion to dismiss the ineffective assistance claim as to attorney Moe be denied
17 for the reasons set forth above.
18 ////
19 ////
20 ////
21 ////
22 ////
23 ////

---

25 indicates that the petition is untimely under California law.  Walker v. Martin __ U.S. __, 131
   S.Ct. 1120, 1124-26, 1129 (2011).  The Court in Martin held that California's timeliness bar is
26 an independent state ground adequate to bar federal habeas relief.  Id.

Accordingly, IT IS HEREBY ORDERED that the May 23, 2012 findings and recommendations are VACATED, to be replaced by the instant amended findings and recommendations.

IT IS HEREBY RECOMMENDED THAT respondent's June 28, 2011 motion to dismiss (Dkt. No. 15) be denied as to petitioner's claim of ineffective assistance of trial counsel Moe for the reasons set forth above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within <u>seven</u> days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 31, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
thom0180.amendedfr

5